IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| THOMAS BALDWIN, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:15cv00244 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| BRIAN HIEATT, *et al.*, | ) | United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff, Thomas Baldwin, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, making allegations against staff at Tazewell County Regional Jail ("TCRJ") and Lawrenceville Correctional Center ("LCC"). TCRJ is located in the Western District of Virginia, and LCC is located in the Eastern District of Virginia. The court will address Baldwin's allegations against defendants Sheriff Hieatt and Sergeant Lawson at TCRJ, but transfers Baldwin's remaining claims against defendants at LCC to the Eastern District of Virginia. Upon review of his complaint, the court finds that Baldwin's allegations fail to state a claim against defendants Hieatt and Lawson and, therefore, dismisses his claims against these defendants pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Baldwin alleges that from June 25 to December 10, 2014, while housed at the TCRJ, defendants Hieatt and Lawson "compelled" him to sleep on the concrete floor with only a blanket and no mattress. Baldwin alleges that when he asked for a mattress, defendant Hieatt said he did not have any more and that defendant Lawson said a blanket was all Baldwin would get from him.

II.

Although the Eighth Amendment protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. "To the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also In re Long Term Administrative Segregation of Inmates Designated as Five Percenters*, 174 F.3d 464, 471-72 (4th Cir. 1999) (long-term placement in segregation or maximum custody is not cruel and unusual punishment). To state a claim of constitutional significance regarding prison conditions, a plaintiff must allege that the living conditions violated contemporary standards of decency and that prison officials were deliberately indifferent to those conditions. *Wilson v. Seiter*, 501 U.S. 294 (1991). Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement. In order to demonstrate such an extreme deprivation, a prisoner "must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions," *Strickler v. Waters*, 989 F. 2d 1375, 1381 (4th Cir. 1993), or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions, *see Helling v. McKinney*, 509 U.S. 25, 33-35 (1993). While sleeping on a concrete floor with no mattress for nearly six months may have been uncomfortable and inconvenient, Baldwin has not alleged that he suffered a serious or significant physical or emotional injury as a result of the sleeping arrangement. Further, there is no indication that the sleeping arrangement created a substantial risk of future serious harm. Accordingly, the court finds that Baldwin fails to state a claim under the Eighth Amendment against defendants Hieatt and Lawson.

The remaining claims describe events and name defendants in the Eastern District of Virginia. Baldwin generally alleges that LCC staff was deliberately indifferent to Baldwin's safety while transporting him in a van and that he was denied adequate medical treatment for injuries to his head, side, and back. The court may transfer any civil action to another district where it might have been brought for the convenience of the parties and witnesses or in the interests of justice. *See* 28 U.S.C. §§ 1391(b), 1404(1). In the exercise of discretion, the court transfers the remainder of Baldwin's complaint to the United States District Court for the Eastern District of Virginia.

Entered: January 5, 2016.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge